# SULLIVAN,

## JULY TERM, A. D. 1847.

## KIDDER *v.* GEORGE.

It is not a breach of a covenant against incumbrances that the grantor had, prior to the conveyance, caused water to flow upon the land by means of a dam which he had a right to build.

COVENANT. The declaration stated that the defendant, on a day and for a consideration named, conveyed to the plaintiffs a tract of land, with mill privileges, described in the declaration, and by the deed of conveyance covenanted that the premises were free of all incumbrances. Whereas the plaintiffs aver that at the time of the conveyance they were not so free of incumbrances, but that, on the contrary, more than twenty years before, the defendant or his grantors erected a dam, which he has ever since maintained, immediately below the land conveyed, by means of which the water of a stream there flowing has been caused to drown a portion, to wit, three quarters of an acre of the land, and the defendant has the right so to maintain the dam, &c.

The defendant demurred generally.

*Cushing*, for the defendant.

*Snow*, for the plaintiff.

GILCHRIST, J. A, owning land, builds a dam and flows it, as he lawfully may. He then conveys the land with a covenant against incumbrances. Is this an incumbrance?

---

Kidder *v.* George.

---

What he did was done by him as proprietor of the land. He did not acquire a right as against any body else to do so, and it is a perversion and misapplication of language to say that a man can acquire a right of this kind, as against himself.

He had been accustomed to use the land in a certain way, and for a particular purpose. His right to do so ceased with his ownership, as it arose from his ownership, and is in no just sense of the word an incumbrance, which is the right acquired by a third person to use, for a certain purpose, the owner's land, in derogation of the owner's rights, and inconsistent with the *plenum dominium* which he ordinarily has and exerts over the soil.

We cannot say that, as owner of the land, he held it subject to his own right to a servitude upon it, or his right to flow it. Owning the land, he did with it as he pleased, and for any use he pleased to make of it, not to the damage of another. He was liable to no one.

He may be liable to others, if, after having sold, he continue to use it as before. But that is not this case. The action is brought to recover damages, on the ground that he had the right, or that some one had the right, to use the land by flowing it after the sale, by reason of a right existing at the time, that was not extinguished by the sale.

A man may buy land covered with water, but it does not follow that the water is an incumbrance in a legal sense of the word. It may be a natural body of water, as a pond or lake, for instance; or it may be water which some one against right has caused to flow and stand upon the land. In neither case can it be called an incumbrance.

If the water is there through the tortious act of any one, the remedy lies at law. If it is a natural collection of water, it is what the purchaser took by his deed.

*Judgment for the defendant on demurrer.*